1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GREGORY GOSS,

11            Plaintiff,                    No. CIV S-05-1500 DFL KJM P

12        vs.

13   CALIFORNIA BOARD OF
     PAROLE HEARINGS,
14
             Defendants.                    FINDINGS & RECOMMENDATIONS
15   _____/

16            Plaintiff is a state prison inmate proceeding pro se with a civil rights action under

17   42 U.S.C. § 1983.  By an order filed May 31, 2006, the court dismissed plaintiff's complaint and

18   gave him leave to file a second amended complaint.  Plaintiff has done so.

19            As in the two previous complaints, the gist of plaintiff's cause of action is

20   obscured by his reliance on such things as the history of the agency in charge of parole, its

21   inclusion in the executive branch of state government, and the blurring of its executive role by its

22   exercise of judicial functions in setting release dates.  Complaint ¶¶ 28, 31, 32, 34.  Many of the

23   paragraphs in this complaint end with this refrain, "Thereby, the defendants, and each of them,

24   has and continue to disadvantage Plaintiff and subject him to harsher parole procedures in

25   violation of the federal constitution."  See Complaint ¶¶ 34, 35, 37.

26   /////

                                               1

The basis of plaintiff's claim, however, appears to be that he is entitled to have a primary fixed term set because he

> entered the California Department of Corrections and Rehabilitation during the era of the Former Board of Prison Terms, however, has never been properly classified as an ISL prisoner under the guidelines that all indeterminate sentencing prisoners receive a primary term fixing and setting pursuant to the guidelines that was set by the California State Supreme Court in 1975 when rules and regulations was set for the Adult Authority to follow. . . . Plaintiff alleges that the procedures and guidelines that was set for the body that governs the liberty interest of indeterminate sentence. . . .

Complaint ¶ 5. Whatever liberty interest an ISL prisoner retains in having a primary term fixed is irrelevant, however, for plaintiff committed his crime in 1990, long after the enactment of the Determinate Sentence Law in 1977. In re Roberts, 36 Cal.4th 575, 588 n.6 (2005); Complaint, Ex. A at 9 (transcript of parole board hearing; notes crime occurred in 1990). Accordingly, plaintiff has not established that the Board's refusal to apply ISL criteria during parole hearings violates his constitutional rights.

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice for failure to state a claim.

/////
/////
/////
/////
/////
/////
/////
/////
/////
/////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 28, 2007.

U.S. MAGISTRATE JUDGE

2

goss1500.56