IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY GOSS,<br><br>       Plaintiff,<br><br>vs.<br><br>CALIFORNIA BOARD OF<br>PAROLE HEARINGS, et al.,<br><br>       Defendants. | Case No. 2:05-cv-01500 JKS KJM P<br><br><br>ORDER |

      On February 28, 2007, the magistrate judge filed findings and recommendations herein which were served on plaintiff and which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within twenty days. Plaintiff has filed objections to the findings and recommendations.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

      Plaintiff's complaint has been dismissed twice already for failure to state a claim with leave to amend. Both times the magistrate judge instructed Plaintiff to succinctly state his claim. Plaintiff filed a Second Amended Complaint, the subject of the findings and recommendations and this Order. The magistrate judge searched Plaintiff's meandering pleading and culled from it Plaintiff's essential claim that Plaintiff is entitled to the procedures set forth for prisoners sentenced under the Indeterminate Sentencing Law ("ISL"). The magistrate judge found that the procedures set forth for ISL prisoners were irrelevant to Plaintiff because Plaintiff committed his crime in 1990, long after the enactment of the Determinate Sentence Law in 1977. *See In re Roberts*, 36 Cal.4th 575, 588 n.6 (2005).

1

In his objections, Plaintiff makes essentially one argument that responds to the findings and recommendations. Plaintiff argues the magistrate judge was incorrect in finding that the ISL procedures irrelevant to him, because *In re Rodriguez*, 14 Cal. 3d 639 (1975) is still good law. While *In Re Rodriguez* continues to stand for the proposition that California's constitution prohibits a sentence grossly disproportionate to the offense, the ISL procedures were repealed in 1977 and replaced long before Plaintiff was sentenced. *See In re Roberts*, 36 Cal. 4th at 585 n.6, n.7. The magistrate judge was thus correct to find the ISL argument irrelevant to Plaintiff.

The Court has reviewed Plaintiff's Second Amended Complaint and his Objections to the magistrate judge's findings and recommendations and agrees with the magistrate judge that the complaint must be dismissed for failure to state a claim. Plaintiff's pleading is long on legal argument, but short on facts. Even taking into account the wide latitude given pro se litigants, Plaintiff has still failed to give fair notice and state the elements of the claim plainly and succinctly. *See Jones v. Cmt'y Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

Accordingly, **IT IS HEREBY ORDERED** that:

1. The findings and recommendations filed February 28, 2007, are adopted in full;
2. This action is dismissed without prejudice; and
3. The Clerk shall enter judgment accordingly.

Dated this the 5th day of March 2008.

/s/ James K. Singleton, Jr.
**JAMES K. SINGLETON, JR.**
United States District Judge

ORDER